UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-141 |
| | ) | (PHILLIPS/SHIRLEY) |
| MURPHY JOSEPH KING, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause came before the undersigned on December 14, 2006, for a hearing on the government's Motion To Continue Trial [Doc. 10]. Assistant United States Attorney Tracy Stone, appeared on behalf of the government. Attorney Paula Voss was present, representing Defendant Murray Joseph King, who was also present.

The government moved [Doc. 10] the Court to continue the December 20, 2006, trial in order that they might gain a ruling on the Defendant's Motion to Suppress [Doc. 9]. The government also moved [Doc. 10] for an extension of time within which to respond to Defendant's Motion to Suppress [Doc. 9]. The government ultimately responded to Defendant's Motion to Suppress [Doc. 9] within the allotted amount of time. See Docs. 11, 12. Accordingly, the government's Motion for Extension of Time within which to Respond to Defendant's Motion to Suppress [Doc. 10] is **GRANTED as moot**. As to continuing the trial, the defendant and his

counsel cited no objection to the government's request to continue the trial. The defendant stated it was in his best interest to continue the trial.

The Court finds the government's Motion To Continue [Doc. 10] to be well taken and finds that the ends of justice served by granting the motion outweigh the best interest of the public and Defendants in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court finds that the failure to grant a continuance would deprive the parties of adequate time for the parties to prepare for and conduct an evidentiary hearing on the motion to suppress, for the Court to consider the motions and related filings and prepare a Report and Recommendation, for the parties to object to the Report, for the District Court to rule upon any objections, and for the parties to prepare for trial. See 18 U.S.C. § 3161(h)(1)(J). The Court finds that this process could not be accomplished before the December 20, 2006 court date or in less than approximately four (4) months. The parties agreed. The Court finds that if the continuance were not granted a miscarriage of justice would occur. 18 U.S.C. 3161(h)(8)(B)(i). Accordingly, the Court **GRANTS** the government's Motion To Continue Trial [Doc. 10].

In light of these findings and its granting the Motion To Continue Trial [Doc. 10], the Court set a new trial date of **April 17, 2007**, before the Honorable Thomas W. Phillips, United States District Judge. The Court further finds, and the parties agreed, that all the time between the **December 14, 2006** hearing and the new trial date of **April 17, 2007**, is fully excludable time under 18 U.S.C. § 3161(h)(1)(J), -(h)(8)(A)-(B).

With regard to further scheduling and the Defendant's pending Motion to Suppress [Doc. 9], a Suppression Hearing was set for **January 26, 2007, at 9:30 a.m.**, before the undersigned, because of the need for Defendant to conduct additional investigation into certain matters that both parties agree will take several weeks and could determine or affect the outcome of the motion to

suppress.  The Court will not schedule another pretrial conference at this time.

        Accordingly, it is **ORDERED**:

(1)  The Court **GRANTS as moot** the government's Motion for Extension of Time within which to Respond to Defendant's Motion to Suppress Evidence [Doc. 10];

(2)  The Court **GRANTS** the government's Motion To Continue Trial **[Doc. 10];**

(3) The trial of this matter is reset to commence on **April 17, 2007, at 9:00 a.m.,** before the Honorable Thomas Phillips, United States District Judge;

(4) All time between the **December 14, 2006** hearing and the new trial date of **April 17, 2007**, is fully excludable time under the Speedy Trial Act for the reasons set forth above;

(5) A Suppression Hearing is scheduled for **January 26, 2007, at 9:30 a.m.**, before the undersigned; and

(6)  No further pretrial conference shall be scheduled at this time.

**IT IS SO ORDERED.**

        ENTER:

           s/ C. Clifford Shirley, Jr.
           United States Magistrate Judge