IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-cr-141 |
| | ) | (Phillips/Shirley) |
| MURPHY JOSEPH KING, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on March 26, 2007 for a hearing on the defendant's Motion to Continue [Doc. 16]. Assistant United States Attorney Tracy Stone appeared on behalf of the government. Attorney Paula Voss was present, representing the defendant Murphy Joseph King, who was also present.

The defendant moves [Doc. 16] the Court to continue the April 17, 2007 trial, so that the parties can have an opportunity to fully resolve this case against the defendant. At the hearing, defense counsel stated that a serious illness in her family had prevented her from adequately preparing this matter for trial. The Court questioned the defendant, who stated that he understood his Speedy Trial Act rights, and that it was in his best interest to continue the trial. The defendant is currently out on bond. The government advised that it had no opposition to the request for

continuance under the circumstances. Both parties agreed that all the time between the hearing and the new trial date would be fully excludable under the Speedy Trial Act.

The Court agrees with the parties that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Specifically, the Court finds that in light of defense counsel's unforeseen family circumstances, the failure to grant a continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(8)(B)(iv).

Furthermore, given the approaching April 17, 2007 trial date, the Court finds that the failure to grant a continuance would deprive the defendant of the time to pursue his suppression motion, see 18 U.S.C. § 3161(h)(1)(F), which motion had been scheduled on March 26, 2007 but not heard due to the defendant's request for a continuance. Additionally, once the suppression hearing is rescheduled, the Court will need time, not to exceed thirty days, to prepare a Report and Recommendation to the District Court on the motion. See 18 U.S.C. § 3161(h)(1)(J). Following the filing of the Report and Recommendation, the parties will need time to file any objections, and the District Court will need time to rule upon the report and those objections. Finally, the parties will need time to prepare for trial in light of the ruling on the suppression issues. The Court finds that all of this could not take place before the April 17, 2007 trial date or in less than three months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, the defendant's Motion to Continue [Doc. 16] is **GRANTED**. The trial of this matter is reset to **July 11, 2007 at 9:00 a.m.** before the Honorable Thomas W. Phillips,

United States District Judge. The evidentiary hearing on the defendant's Motion to Suppress Evidence [Doc. 9] shall be continued to **April 20, 2007 at 10:00 a.m.** No additional pretrial conference shall be set in this case.

The Court also finds, and the parties agree, that all the time between the March 26, 2007 hearing and the new trial date of July 11, 2007 is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), (J), and (h)(8)(A)-(B).

Accordingly, it is hereby **ORDERED**:

(1) The defendant's Motion to Continue [Doc. 16] is **GRANTED**;

(2) The trial of this matter is reset to **July 11, 2007 at 9:00 a.m.** before the Honorable Thomas W. Phillips, United States District Judge;

(3) The evidentiary hearing on the defendant's Motion to Suppress Evidence [Doc. 9] is **CONTINUED** to **April 20, 2007 at 10:00 a.m.** before the undersigned;

(4) All the time between the March 26, 2007 hearing and the new trial date of July 11, 2007 is fully excludable time under the Speedy Trial Act for the reasons set forth herein; and

(5) No further pretrial conference shall be scheduled at this time.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge