IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:06-CR-141 |
| | ) | (Phillips / Shirley) |
| MURPHY JOSEPH KING | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on September 28, 2007, for an arraignment as to the Superseding Indictment [Doc. 34], filed September 25, 2007. Defendant Murphy Joseph King was present with Assistant Federal Public Defender Paula Voss. Assistant United States Attorney Tracy Stone appeared on behalf of the government.

At the arraignment, counsel for Mr. King made an oral motion to continue the trial date. In support of the motion, counsel for Mr. King cited the substantial differences in the Superseding Indictment from the Indictment [Doc. 1], filed October 17, 2006. Counsel for Mr. King asked the Court to consider that Count 1 has been changed to add six specific firearms, a new Count 2 has been added, and the newly added Count 2 expands the time period of the indictment over two and a half years. Counsel for Mr. King argued that continuance was necessary in order to review additional discovery materials, conduct investigations, identify and pursue potential factual or legal defenses and needs at least three months to prepare the case for trial. The government

indicated that additional discovery materials pertinent to the Superseding Indictment were forthcoming and a continuance of the trial date was appropriate and necessary.

The Court individually questioned the Defendant, who stated that he understood the right to a speedy trial. Further, Defendant King stated that he wished to have additional time to prepare his defense to the Superseding Indictment and would not be ready to go forward with the trial on October 1, 2007.

The Court finds the Defendant's oral motion to continue the trial to be well-taken and agrees with the Defendant that the ends of justice served by granting the continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court observes that the increase in the amount of firearms at issue and the newly added Count 2 will necessitate further preparation by all parties. Further, investigation and discovery exchange may also give rise to additional pre-trial motions. See 18 U.S.C. § 3161(h)(8)(B)(iv). At the hearing, the Court found that this could not take place before the October 1, 2007 trial date, despite counsel's exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Moreover, requiring this Defendant to go to trial as originally scheduled, despite the attorneys' lack of time to prepare, would likely result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(8)(B)(i).

Thus, Defendant Murphy Joseph King's oral motion for continuance is **GRANTED**, and the trial is reset for January 24, 2008, before the District Court. The Court also finds, and the Defendant agreed, that all of the time between the September 28, 2007 hearing and the new trial date of January 24, 2008 is fully excludable time under the Speedy Trial Act for the reasons discussed above. See 18 U.S.C. § 3161(h)(8)(A)-(B).

Accordingly, it is **ORDERED**:

(1) The Defendant's oral motion for a continuance of the case is **GRANTED**;

(2) The trial of this matter is reset to commence on **January 24, 2008**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All the time between the **September 28, 2007**, hearing and the new trial date of **January 24, 2008**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

**IT IS SO ORDERED.**

ENTER:


   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge